TRACY L. WILKISON
United States Attorney
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
RUBEN ESCALANTE (Cal. Bar No. 244596)
Assistant United States Attorneys
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, CA 92501
    Telephone: (951) 276-6212
    Facsimile: (951) 276-6202
    E-mail:    ruben.escalante@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>DEVIN KYLE WADE,<br><br>       Defendant. | CR No. 20-00242-AB<br><br>GOVERNMENT'S SENTENCING POSITION<br>FOR DEFENDANT DEVIN KYLE WADE |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ruben Escalante, hereby files its Sentencing Position for Defendant Devin Kyle Wade.

///

///

///

This Sentencing Position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 3, 2022                    Respectfully submitted,

                                          TRACY L. WILKISON
                                          United States Attorney

                                          JERRY C. YANG
                                          Assistant United States Attorney
                                          Chief, Riverside Branch Office

                                                    /s/
                                          RUBEN ESCALANTE
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**INTRODUCTION**

In May 2020, defendant Devin Kyle Wade ("defendant") threatened a United States District Judge (the "victim").  Specifically, he sent multiple emails that contained these threats over a two-day period.  The last threat ended with, "Think I'm playing?  Casket dreams sweetheart."  Investigators acted quickly and identified defendant as the perpetrator.  The government promptly complained on defendant and defendant has been detained since May 22, 2020.

Ultimately, rather than force the victim to go through the ordeal of a trial, to defendant's credit, he accepted responsibility. On August 2021, defendant pleaded guilty to Threatening a Federal Official in violation of 18 U.S.C. § 115(a)(1)(B).  On October 25, 2021, the United States Probation and Pretrial Services Office ("USPO") disclosed the Presentence Investigation Report ("PSR") and Recommendation Letter ("RL") for defendant.  The USPO correctly calculated defendant's total offense level as 12, a criminal history category of V, and an advisory Sentencing Guidelines range of 27 to 33 months' imprisonment.  The USPO recommends a sentence of 18 months' imprisonment and two years of supervised release.  Notably, the victim agreed with the USPO's sentencing recommendation of 18 months; her primary concern was mandating mental health treatment for defendant.

As set forth below and consistent with the plea agreement, the government respectfully requests that the Court sentence defendant to (a) a low-end Guidelines term of 27 months' imprisonment; (b) a term of 3 years of supervised release; and (c) a special assessment of $100.  This sentence is warranted because it reflects the seriousness

of the instant offense, defendant's history of criminal conduct, defendant's acceptance of responsibility, and other mitigating factors.

**FACTUAL SUMMARY**

On May 17, 2020, defendant threatened the victim by sending the following e-mail communications to her: (1) "When one of you judges, or district attorneys get murdered for destroying or fucking with Devin Wade or not letting this government off Devin Wade his life you will understand why you're laying in the casket. I see that you bigots enjoy getting kick in destroying African American man's life, soon is your turn to die. Alike that gas pump in Eastvale, your home's next."  (2) "Your dead whore. I'll put a bullet in your head in the middle of your kitchen without you seeing it coming or expecting it. #casket!?comingsoon!"  (PSR ¶ 7.)

On May 18, 2020, Wade threatened the victim by sending the following e-mail communication to her: "Don't go home, you'll never know when I'll pop up. I'll Guarantee will kill you do to the fact this government is hanging over Devin Wade's life attacking him. Think I'm playing? Casket dreams sweetheart."  (PSR ¶ 8.)

**THE SENTENCING GUIDELINES AND THE USPO'S RECCOMENDATION**

The government agrees with the USPO's calculations of a total offense level of 12 and a Criminal History Category of V.  The Probation Officer's offense level calculation is as follows:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2A6.1(a) |
| Specific Adjustments:  More than two threats | +2 | U.S.S.G. § 2A6.1(b)(2) |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1(a) |

| Total: | 12 | |
|--------|-----|--|

(PSR ¶¶ 17-26.)  The defendant falls within Criminal History Category V for accumulating 12 points.  (PSR ¶¶ 31-40.)  As correctly set forth in the PSR, the resulting Guidelines range is 27 to 33 months' imprisonment.  (PSR ¶ 77.)

The USPO recommends a sentencing of 18 months' imprisonment and two years of supervised release.  (Dkt. 55.)

**THE VICTIM'S POSITION**

On or about November 10, 2021, the government held a telephone conference call with the victim to discuss the USPO's recommendation. The victim agreed with the USPO's sentencing recommendation of 18 months.  The victim's primary concern was getting mental health treatment for the defendant.  Her hope was that the defendant would get mandated mental health treatment.

**GOVERNMENT'S RECOMMENDED SENTENCE:  27 MONTHS' IMPRISONMENT**

The government recommends a low-end Guidelines sentence of 27 months' imprisonment, 3 years of supervised release, and a special assessment of $100.  Such a sentence is sufficient, but not greater than necessary, to satisfy the statutorily prescribed sentencing objectives of 18 U.S.C. § 3553(a).

A sentencing court must consider the nature and circumstances of the offense and the history and characteristics of defendant.  See 18 U.S.C. § 3553(a)(1).[1]  A sentence of 27 months is appropriate because

---

[1] The discussion in this section of how the § 3553(a) factors apply in this case is meant to support the government's request for a low-end sentence of 27 months' imprisonment.  Nothing in this sentencing position should be construed as recommending or suggesting that a sentence of more than 27 months is appropriate under the § 3553(a) factors.

of the nature of the instant offense, defendant's criminal history,
defendant's acceptance of responsibility, and other mitigating facts.

First, the government's recommendation is driven by the
Guidelines range, which considers defendant's criminal history and
the number of threats made.  The instant offense involved frightening
threats to a judicial officer, not just once but numerous times.
Defendant's criminal history reflects that defendant had ample time
to address any addiction and mental health issues, but he did not.

Second, notwithstanding defendant's criminal history and nature
of the offense, a low-end sentence is warranted here because
defendant saved the government resources by accepting responsibility
and pleading guilty prior to trial preparations.  He also saved the
victim the ordeal of a trial.  It also appears defendant is taking
his mental health issues seriously.  Although defendant's lengthy
criminal history is certainly concerning, defendant's history and
characteristics are commensurate with a person who has struggled with
drug addiction *and* mental health issues.[2]  Despite his struggles, he
has shown signs of success and promise, including employment between
2013 and 2016.  (PSR ¶¶ 67-68.)  Even the victim and the USPO
advocate for a sentence in line with a low-end sentence, although
they respectfully believe a lesser sentence is appropriate.  Those
are mitigating factors that militate toward a low-end Guidelines
sentence despite defendant's history of recidivism.

Finally, regarding the length of supervised release, given
defendant's recidivism, a three-year term of supervised release is

---

[2] What appears to be missing from defendant's history is any
dual-diagnosis treatment where defendant can attempt to address both
his drug addiction and mental health.  The government supports the
USPO's recommendations to address such issues.

appropriate.  Supervised release is the only way to monitor defendant's efforts to address his mental health and addiction issues; this would also serve as a deterrent to commit future offenses.  Defendant concedes that he was an active user of methamphetamine prior to being arrested, and he just started taking medication for his mental health issues during his pretrial detention.  The more time he is supervised living a clean life and addressing his mental health needs, the more likely it is that he can succeed in sustaining such a lifestyle.  Accordingly, particularly if the Court sentences defendant to less than a Guidelines sentence, a three-year term of supervised release is appropriate.

On balance, the government's recommended low-end sentence of 27 months' imprisonment reflects the seriousness of the instant offense, affords adequate deterrence, and protects the community; it also recognizes defendant's acceptance of responsibility and difficult life history.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to (a) a low-end Guidelines term of 27 months' imprisonment; (b) a term of 3 years of supervised release; (c) a special assessment of $100.